# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia,
**Plaintiff Below, Respondent**

**vs)   No. 15-0924** (Kanawha County 14-F-57)

Stephen Spires,
**Defendant Below, Petitioner**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen Spires, pro se, appeals the July 21, 2015, order of the Circuit Court of Kanawha County denying his motion for reduction of sentence. Respondent State of West Virginia, by counsel Benjamin F. Yancey, III, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, petitioner pled guilty to bank robbery, telling the circuit court that "[he] went in and robbed the bank." In exchange for petitioner's guilty plea, the State agreed not to file a recidivist information against him. In response to a question by the circuit court, petitioner's attorney stated that "he would be subject to a life sentence" pursuant to West Virginia Code § 61-11-18(c), which applies to persons convicted of three or more felonies. According to petitioner, he is sixty-three years old. Petitioner contends that he has hepatitis C, suffers from high blood pressure, and does not expect to live until his projected discharge date of October 23, 2023.

The circuit court granted a recess of the hearing to allow petitioner's attorney "to further research" a possible sentencing alternative for petitioner. Petitioner thereafter submitted a memorandum of law advocating a "split sentence" where "[petitioner] would serve part of his sentence in prison and part on an alternative sentence, such as probation." When the plea hearing resumed, the circuit court noted the State's objection to a "split sentence" and found that the same would require the court to "deviate from the minimum penalties set by statute." The circuit court

1

declined to consider such a sentencing alternative at that time. The circuit court stated that "it would be my determination that[,] if I order a [sentence] of ten to twenty [years of incarceration], [petitioner] would have to serve at least ten years in a state correctional facility and forthwith be eligible for parole." The circuit court indicated that it would consider petitioner's sentencing alternative as part of a motion for reduction of sentence filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. However, the circuit court warned petitioner that, if he filed a Rule 35(b) motion, "I would have no obligation . . . to do anything differently."

Subsequently, by an order enter August 19, 2014, the circuit court sentenced petitioner to ten to twenty years of incarceration for bank robbery pursuant to West Virginia § 61-2-12(c)(1). Petition filed a motion for reduction of sentence on January 26, 2015. Petitioner acknowledged that the motion was "a month past" the 120-day deadline set forth in Rule 35(b) for filing such motions. Petitioner argued that he "should not be penalized for the failing of the undersigned [attorney]." Petitioner also asked the circuit court to hold the motion in abeyance while petitioner took his prison classes.[1] On July 21, 2015, the circuit court denied petitioner's Rule 35(b) motion on the ground that, "[r]egardless of the late filing, . . . the previously ordered sentence is proper." In so ruling, the circuit court noted that it "review[ed] the record, the circumstances, and the arguments set forth in the motion[.]"

Petitioner appeals the circuit court's July 21, 2015, order denying his Rule 35(b) motion for reduction of sentence. In syllabus point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

On appeal, petitioner acknowledges the untimeliness of his motion, but contends that he is deserving of mercy. *See Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) (stating "a Rule 35(b) motion is essentially a plea for leniency from a presumptively valid conviction."). We find that the circuit court ruled on the merits of petitioner's Rule 35(b) motion and that respondent addresses the merits in arguing that the circuit court's ruling should be affirmed. Therefore, we address the merits of petitioner's motion.

Petitioner contends that, in denying his motion for reduction of sentence, the circuit court

---

[1]According to petitioner's motion for reduction of sentence, he was on the waiting list to be enrolled in a long-term substance abuse treatment program.

2

overlooked his age, his illnesses, and the fact that he did not use a weapon in the commission of the robbery. Respondent counters that the circuit court accounted for petitioner's decision not to use a weapon by sentencing him pursuant to West Virginia § 61-2-12(c)(1), which provides for a maximum sentence of twenty years of incarceration. We note that, if petitioner had used a weapon, he would have been sentenced pursuant to West Virginia § 61-2-12(c)(2), which provides for a maximum sentence of twenty-five years of incarceration. With regard to petitioner's age and various illnesses, we note that the record supports the finding that petitioner is a habitual criminal. If not for the State's agreement not to file a recidivist information, it could have sought a life term of incarceration for petitioner pursuant to West Virginia Code § 61-11-18(c). Moreover, we find that the circuit court did not clearly err in determining that "the previously ordered sentence is proper" given that the circuit court earlier found (1) that the State objected to petitioner's suggestion of a "split sentence"; and (2) that such an alternative sentence potentially conflicted with the sentencing provisions of West Virginia § 61-2-12(c).

Finally, we reject petitioner's contention that the circuit court erred in not holding the motion in abeyance while he takes his prison classes. Rule 35(b) required the circuit court to rule on petitioner's motion within "a reasonable time." *See also Head*, 198 W.Va. at 303, 480 S.E.2d at 512 (noting that Rule 35(b) imposes such requirement). Therefore, based on the foregoing, we conclude that the circuit court did not abuse its discretion in denying petitioner's request to hold his motion in abeyance and in denying petitioner's Rule 35(b) motion for reduction of sentence.

For the foregoing reasons, we affirm the circuit court's July 21, 2015, order denying petitioner's Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3